**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2193-18T2

KARIF FORD,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted February 5, 2020 – Decided February 20, 2020

Before Judges Fuentes and Haas.

On appeal from the New Jersey Department of Corrections.

Karif Ford, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Donna Arons, Assistant Attorney General, of counsel; Beonica A. McClanahan, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Karif Ford, an inmate currently in the custody of the Department of Corrections (DOC), appeals from the DOC's final administrative decision denying his claim for reimbursement for lost, damaged, or destroyed property. We affirm.

On May 16, 2018, the DOC transferred Ford from the general population to pre-hearing detention. On that same day, an inventory officer compiled a written list of all of Ford's property and documented it on the IIS-1M Inmate Inventory Sheet. The inventory sheet did not list a television or any other appliances.

When Ford returned to the general population on May 21, 2018, the processing supervisor gave Ford all the property listed on the inventory sheet. The officer asked Ford to initial the form to indicate he had received his items, but Ford declined to do so. At that time, Ford did not assert that he owned a television that had not been returned to him.

On May 29, 2018, however, Ford submitted a claim for lost, damaged, or destroyed property, in which he asserted for the first time that he owned a television that had not been returned to him. The DOC assigned a lieutenant to review Ford's allegation. After conducting an investigation, the lieutenant submitted a written report to the Claims Committee (Committee), concluding

that Ford's claim was invalid because the television was not included on the inventory sheet, and Ford produced "[n]o proof of negligence on the part of [the prison] staff" in connection with its handling of his items.

Thereafter, the Committee accepted the lieutenant's findings and, in a written report, found no basis for Ford's allegation. On December 12, 2018, the prison administrator's designee adopted the Committee's determination and denied Ford's property claim. This appeal followed.

On appeal, Ford asserts that the DOC "failed to comply with departmental regulations" in reviewing his claim. We disagree.

The scope of our review in an appeal from a final agency decision is limited. Decisions of administrative agencies will not be reversed unless shown to be "arbitrary, capricious or unreasonable or . . . not supported by substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980) (citing Campbell v. Dep't of Civil Serv., 39 N.J. 556, 562 (1963)).

The DOC uses an inmate inventory sheet "to itemize all personal property in the inmate's possession . . . upon transfer." N.J.A.C. 10A:1-11.6(a). Once an inmate files a claim for lost, damaged, or destroyed personal property, the DOC must conduct an investigation and prepare a report. N.J.A.C. 10A:2-6.1(b).

Pursuant to N.J.A.C. 10A-6.1(b)(3), "[v]erification of possession of lost, damaged, or destroyed personal property may be made by review of applicable documentation such as the IIS-1M Inmate Inventory Sheet maintained by the correctional facility" pursuant to N.J.A.C. 10A:1-11. After completion of the investigation, the inmate's claim form and a copy of the investigative report must be submitted to the business manager of the correctional facility for review. N.J.A.C. 10A:2-6.1(c).

Before the claim is approved or denied, the DOC considers:

> 1. Whether the investigation revealed any neglect by the correctional facility;
>
> 2. Whether care was exercised by facility staff preventing property loss, damage or destruction;
>
> 3. Whether the inmate exercised care in preventing property loss, damage or destruction;
>
> 4. Whether it has been proven that the inmate was authorized to have and did, in fact, possess the item(s) named in the claim;
>
> 5. Whether sufficient information has been supplied by the inmate, including proper receipts, witnesses and investigative reports;

A-2193-18T2

6. Whether the inmate submitted the claim in a timely manner;

7. Whether the loss or damage exceeds authorized amounts of correctional facility personal property limits;

8. Whether the personal property is considered contraband; and

9. Whether other reviewers recommended denial of the claim and the reasons therefor.

[N.J.A.C. 10A:2-6.2(a).]

If a claim is denied, the DOC must notify the inmate in writing and provide "substantiating reasons." N.J.A.C. 10A:2-6.1(f).

Here, the DOC followed the required procedures, and used the IIS-1M Inmate Inventory Sheet to itemize all of Ford's personal property on the day of his transfer to pre-hearing detention. The DOC conducted an investigation after receiving Ford's claim, considered the N.J.A.C. 10A:2-6.2(a) factors before denying it, notified Ford in writing of its decision, and provided substantiating reasons. We are satisfied there was substantial, credible evidence in the record as a whole to support the DOC's explanation for denying Ford's claim, and the decision was not arbitrary, capricious, or unreasonable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2193-18T2